ANGELO DECRESCENZO, Appellant, v. 274–276 MADISON AVENUE, INC., and THOMPSON-STARRETT COMPANY, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. In our opinion the statute should not be so construed as to limit the obligation to protect openings in connection with a hoisting apparatus to only such a portion of the building as is " within " the confines of the four walls. The hoistway had no purpose save that of a use in connection with a building " in the course of construction." It was, during such use, an integral part of the building itself, and if its use without protecting the opening is legally to be permitted simply because it was not within the space inclosed by the four walls, an evasion of the statute, not intended by the Legislature, would follow. Young and Kapper, JJ., concur; Lazansky, P. J., concurs, being of opinion that in the circumstances the hoistway may be deemed to have been a part of the building. There may be a common-law liability of which plaintiff should take steps to avail himself. Hagarty, J., concurs, with the following memorandum: Plaintiff was entitled to have the question

submitted to the jury upon defendants' common-law liability. The statute limits the liability to shafts constructed within a building for the reason that such shafts add to the dangers of buildings in course of construction. Plaintiff, through defendants' negligence, was precipitated from the floor of the building upon which he was working, through an opening in the wall. Upon the evidence the existence or non-existence of the shaft had nothing to do with plaintiff's accident. The complaint is sufficiently broad to sustain such an action. In the interest of justice the case should be submitted to the jury upon the issue of common-law liability. Carswell, J., concurs, with the following memorandum: Plaintiff claims, as the sole basis of liability, the violation of section 241, subdivision 5, of the Labor Law. The trial court, in my opinion, correctly ruled that the section was not violated in the circumstances involved herein. In the interest of justice, however, I feel that the plaintiff should be relieved from his stipulation limiting himself to a violation of the Labor Law, and that, therefore, there should be a reversal in order that he may try the action on the theory of common-law liability.